**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**ADDONES SPENCER
Reg. #11060-027**                                                                                    **PLAINTIFF**

**V.**                         **CASE NO. 2:13CV00072 KGB/BD**

**TARA HALL**                                                                                           **DEFENDANT**

**RECOMMENDED DISPOSITION**

I.      **Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker.  Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## II.    Introduction:

Plaintiff Addones Spencer, a federal inmate formerly housed in the Federal Correctional Institution - Medium, in Forrest City, Arkansas, filed this case *pro se,* alleging that his constitutional rights were violated when Defendant Hall retaliated against him.  (Docket entry #1)

Defendant Hall has now moved for summary judgment.  (#14)  In his response to the pending motion, Mr. Spencer states that because has not had the opportunity to engage in discovery, he cannot provide the evidence necessary to oppose the motion.  (#21)  The Court previously provided Mr. Spencer additional time to respond to the motion.  In addition, Mr. Spencer filed this lawsuit over six months ago.  Accordingly, the Court finds that the motion is now ripe for decision.

Based on the undisputed evidence presented, the Court recommends that the motion for summary judgment (#14) be GRANTED, and that Mr. Spencer's claims against Defendant Hall be DISMISSED, without prejudice.

## III.   Discussion:

Prisoners must exhaust all "available" remedies before filing suit under 42 U.S.C. § 1983.  42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819

(2001) (holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained"). For purposes of § 1983, an "available remedy" is one that is "capable of use for the accomplishment of a purpose; immediately utilizable [and] accessible." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001). If exhaustion is not complete by the time a lawsuit is filed, the Court must dismiss it. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

Whether a prisoner has properly exhausted administrative remedies turns on the specifics of prison policy. *Jones v. Bock*, 549 U.S. 199, 923 (2007). Prisoners can be excused from exhausting administrative remedies, but only when correction officials have prevented them from using grievance procedures or when the officials themselves have not complied with the administrative procedures. *Miller v. Norris*, *supra* at 740; *Foulk v. Charrier*, 262 F.3d 687, 697–98 (8th Cir. 2001). An inmate's subjective belief that the procedures were not available "does not matter" and is not determinative. *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005)(quoting *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002)).

The Federal Bureau of Prisons has a multi-tiered inmate grievance procedure. 28 C.F.R. § 542.10 *et seq*. Inmates must first attempt to resolve grievances and complaints informally with the institution's staff.[1] 28 C.F.R. § 542.13. If no resolution is reached

---

[1] Although generally inmates are required to resolve an issue prior to submitting a request for an administrative remedy, an informal resolution attempt may be waived "when the inmate demonstrates an acceptable reason for bypassing informal resolution." 28 C.F.R. § 542.13. That is not the case here.

informally and the inmate wants to pursue the issue, he or she may notify the warden of the institution by filing a "request for administrative remedy"– commonly referred to as a "BP-9."[2]  28 C.F.R. § 542.14.  If not satisfied with the warden's response, the inmate must appeal to the regional director by submitting a "BP-10" to continue the process.  28 C.F.R. § 542.15.  Finally, if the inmate is not satisfied with the regional director's response, he or she can notify the Office of the General Counsel for the Bureau of Prisons by submitting a "BP-11."  28 C.F.R. § 542.15.  A grievance is not considered exhausted until it has been addressed at each of these levels in the process.  (#29-1 at p.3)

Defendants have submitted the declaration of Blair Summers, Legal Assistant at the United States Department of Justice, Federal Bureau of Prisons Consolidated Legal Center, to support their motion.  (#14-1)  Mr. Summers explains that since 1990, all administrative remedy submissions are recorded and stored in SENTRY, a computer-based information system.  (#14-1 at pp.3-4)  According to SENTRY records, Mr. Spencer has submitted thirty-three administrative remedy requests since being incarcerated at the Bureau of Prisons.  (#14-1 at p.4)  Mr. Summers further testifies that Mr. Spencer has not filed any administrative remedy request on the issues raised in this lawsuit.  (#14-1 at p.4)

In response to the motion, Mr. Spencer states that BOP officials "failed to comply

---

[2] Under certain circumstances, an inmate may submit a request directly to the regional director, but in this case, Mr. Spencer has not offered any facts or evidence that would lead the Court to conclude that he was exempt from first submitting any of his requests at the institutional level.  28 C.F.R. § 542.14.

with there [sic] own rules and that is to provide a Timely Deposition [sic] and an Appeal form for each step." (#21 at pp.1-2)  Mr. Spencer, however, has failed to come forward with any proof to rebut the evidence showing that he did not file any administrative remedy request on his claims against Defendant Hall.  Nor has he alleged or presented evidence indicating that he was prevented from fully exhausting administrative remedies.

The undisputed evidence shows that Mr. Spencer did not fully exhaust his administrative remedies with regard to his current claims against Defendant Hall.  For that reason, his claims against Defendant Hall should be summarily dismissed, without prejudice.

### IV.   Conclusion:

The Court recommends that the motion for summary judgment (#14) be GRANTED, and that Mr. Spencer's claims against Defendant Hall be DISMISSED, without prejudice.

DATED this 5th day of December, 2013.

_____
UNITED STATES MAGISTRATE JUDGE